_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:26-cv-00147-FWS-DFM                     Date: April 20, 2026
Title: Andre Pinesett v. Coral Motel *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                     Attorneys Present for Defendants:

Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN SUBSTANTIAL PART MOVANTS' MOTION TO REMAND [9]**

## I.      Introduction and Background

In May 2023, the Orange County Superior Court entered Judgment against Defendant Balubhai Patel, Defendant Coral Motel, and Defendant Jaymanti M. Patel (collectively, "Defendants") for $361,154.20 (the "Judgment").[1]  (Dkt. 9 at 12 (Declaration of David K. Compton, "Compton Decl.") ¶¶ 1-3.)[2]  Defendants appealed the Judgment, and the Judgment was later upheld by the California Court of Appeal.  (*Id.* ¶ 4.)  Plaintiff Andre Pinesett assigned the Judgment to Interested Party Judgment Recovery Assistance, LLC ("Interested Party") and Interested Party filed an acknowledgement of the assignment thereafter.  (*Id.* ¶¶ 5-7.)  In October 2025, Interested Party obtained a preliminary title report for Coral Motel, utilized that information to initiate a real property levy, and then filed an application for "order for sale of dwelling."  (*Id.* ¶ 8.)  In November 2025, Mr. Compton provided Defendants' counsel with notice of an *ex parte* hearing in Orange County Superior Court, requesting the setting and execution of the order to show cause for sale of dwelling ("OSC"), but Defendants did not appear at that hearing, and then the OSC was executed.  (*Id.* ¶¶ 10, 12.)

Defendants removed the case to this court on January 21, 2026.  (Dkt. 1 (Notice of Removal, "NOR").)  Now before the court is Plaintiff's and Interested Party's (together,

_____

[1] This paragraph is based on statements made by Plaintiff's Counsel David K. Compton.
[2] All citations refer to the CM/ECF pagination.

_____

**CIVIL MINUTES – GENERAL**                                              1

_____

<table>
<tr><td>UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA</td><td>JS-6</td></tr>
</table>

### CIVIL MINUTES – GENERAL

Case No.: 8:26-cv-00147-FWS-DFM                     Date: April 20, 2026
Title: Andre Pinesett v. Coral Motel *et al.*

"Movants") Motion to Remand.  (Dkt. 9 ("Motion" or "Mot.").)  Defendants oppose the Motion.  (Dkt. 12 ("Opp.").)  Movants filed a reply in support of the Motion.  (Dkt. 15.)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the hearing set for **April 22, 2026**, (*see* Dkt. 13), is **VACATED** and **OFF CALENDAR**.  Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED IN SUBSTANTIAL PART**.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III.   Analysis

Movants move to remand this case, arguing that the court lacks subject matter jurisdiction because Defendants removed a final state court judgment affirmed on appeal, leaving no

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:26-cv-00147-FWS-DFM           Date: April 20, 2026
Title: Andre Pinesett v. Coral Motel *et al.*

removable civil action. (Mot. at 2.) Interested Party also requests $4,000.00 incurred in bringing the Motion pursuant to 28 U.S.C. § 1447(c). *Id.* The court considers (1) whether the court has subject matter jurisdiction over this case and (2) whether Interested Party is entitled to attorneys' fees under Section 1447(c).

### A.      Subject Matter Jurisdiction

Defendants argue the court has federal question jurisdiction over this case. Federal subject matter jurisdiction exists when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 1994) (the "well-pleaded complaint rule" requires a plaintiff to properly plead a federal question to obtain federal jurisdiction on that basis). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

First, Defendants argue that removal is proper because this case "concerns the constitutionality and propriety of post-judgment collection actions and procedures." (NOR at 4.) Defendants then cite to *Patel v. City of Los Angeles* where the plaintiffs filed a 42 U.S.C. § 1983 action, alleging that defendants' seizure of funds without notice violated plaintiffs' procedural due process and other constitutional rights. 72 F.4th 1103, 1104-05 (9th Cir. 2023). There, the district court dismissed the case, holding that defendants' "execution of the writ in compliance with California's post-judgment collection procedures did not violate [p]laintiffs' due process rights," and the Ninth Circuit affirmed the district court's decision. *Id.* at 1105. The facts in this case are distinguishable. Here, Movants are not bringing Section 1983 claims—claims arising under federal law—against Defendants. (*See generally* Dkt. 1-1 ("Compl.").) Rather, Movants are seeking to enforce the Judgment which was upheld by the California Court of Appeal. (Compton Decl. ¶¶ 3-4.) Simply put, there is no federal question presented on the face of any complaint relevant to this action. *See* 28 U.S.C. § 1331; *Caterpillar Inc.*, 482 U.S. at 392. And Defendants fail to adequately explain how *Patel* reflects a basis for the court to exercise subject matter jurisdiction over this case. (*See generally* NOR, Opp.)

---

**CIVIL MINUTES – GENERAL**                 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:26-cv-00147-FWS-DFM                    Date: April 20, 2026
Title: Andre Pinesett v. Coral Motel *et al.*

Second, Defendants argue that federal question jurisdiction exists because the case involves Columbia Bank and Columbia Banking System, Inc. ("CBSI"), which are financial bank holding companies registered with the Federal Reserve Bank. (NOR at 5-7.) Defendants state that the CBSI is supervised by the Federal Reserve Bank, and then cite to 12 U.S.C. § 632. (*Id.* at 5.) Section 632 provides in relevant part:

> [A]ll suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.
>
> . . .
>
> [A]ll suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632. The court finds that Section 632 does not provide a basis for the court to exercise subject matter jurisdiction here because there is no underlying banking issue, as described in Section 632, and none of parties in this case are banks. (*See generally* Compl.) The court reiterates that Movants are seeking to enforce the Judgment at the current stage of the proceedings. (Compton Decl. ¶¶ 3-4.)

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:26-cv-00147-FWS-DFM                              Date: April 20, 2026
Title: Andre Pinesett v. Coral Motel *et al.*

Third, Defendants state that they removed this case under the Federal Civil Rights Removal statute, 28 U.S.C. § 1443.  (NOR at 7.)  Section 1443 provides that, "[a]ny of the following civil actions or criminal prosecutions, commenced in a [s]tate court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Here, Defendants fail to demonstrate they meet any of the criteria under Section 1443, merely stating that Defendants remove the case under Section 1443.  (*See* NOR at 7.)

Because Defendants fail to adequately demonstrate this court has subject matter jurisdiction over this case, the court **GRANTS** the Motion as to Movants' request for a court order remanding this case.  *See Dynegy, Inc.*, 375 F.3d at 838.

### B.    Attorneys' Fees

Movants argue that the removal was objectively unreasonable and therefore Interested Party is entitled to costs and attorneys' fees under 28 U.S.C. § 1447(c).  (Mot. at 10.)  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Although Defendants' arguments regarding subject matter jurisdiction failed, the court does not find that Defendants' removal lacked an objectively reasonable basis because Defendants rely on some legal authority

_____

**CIVIL MINUTES – GENERAL**                                                                  **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:26-cv-00147-FWS-DFM                                Date: April 20, 2026
Title: Andre Pinesett v. Coral Motel *et al.*

to support removal with factual analysis. *See id.* Accordingly, the court **DENIES** the Motion as to Interested Party's request for attorneys' fees.

## IV.    Disposition

For the reasons stated above, the Motion is **GRANTED IN SUBSTANTIAL PART.** The court **DENIES** Interested Party's request for attorneys' fees but **GRANTS** Movants' request to remand this case. This case is **REMANDED** to Orange County Superior Court as case number 30-2021-01179977-CU-PO-CJC.